UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KANDIS KARLOTTA SHIPMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:09CV319 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], and Movant's Supplemental Motion, [Doc. No. 9]. Pursuant to this Court's Order, the government has responded to the motion. Respondent has also filed a Motion to Dismiss, [Doc. No. 5]. For the reasons set forth below, the Motion under § 2255 is denied without a hearing.

**Movant's Claims**

Movant makes the following claims:

**Ground One**: Ineffective assistance of counsel in explaining the plea agreement when offered to Movant and defending her on the day of sentencing.

**Ground Two**: Criminal history, in that Movant received a two level enhancement for being on parole when she was not.

**Ground Three**: Coercion and inducement by court appointed counsel when counsel induced Movant to plead guilty and accept responsibility for conduct for which she claims she was not responsible during the course of the conspiracy. Movant contends that counsel coerced her into pleading

guilty by informing her that if she did not, she would receive a life sentence. Furthermore, Movant asserts that counsel informed her at her plea and sentencing hearings that if she said she did not understand or agree with what the Court said, she would lose her 2 points for responsibility.

## Facts and Background

On June 7, 2007, a grand jury returned an Indictment against Movant. Movant was charged with conspiracy to distribute and possess with intent to distribute in excess of 50 grams of actual methamphetamine. Movant entered into a written plea agreement. Specifically, the Plea Agreement provided that Movant agreed to waive her right to appeal all sentencing issues, including but not limited to criminal history category and Career Offender status. Movant also acknowledged in the plea agreement that by virtue of her criminal history, she may qualify as a "Career Offender" under Section 4B1.1 of the United States Sentencing Guidelines.

Movant appeared in open court on September 14, 2007, at which time she formally entered her guilty plea. The Court reviewed the terms of the plea agreement and questioned Movant as to her understanding thereof. The Court questioned Movant as to counsel's representation. Movant admitted in open court and under oath that she was fully satisfied with counsel's representation, that she understood the terms of the plea agreement, that counsel had performed all tasks and investigation requested of her, that she was entering into the plea agreement of her own free will and that it was what she wanted to do. At no time did Movant

voice any dissatisfaction with defense counsel, nor did she raise any questions with respect to any of the terms of the plea agreement.

Movant was sentenced to 262 months imprisonment on June 30, 2008. Her Total Offense Level was 34 and her appropriate Criminal History category was found to be VI. The advisory guideline range was 262 to 325 months.

Movant filed a Notice of Appeal on July 7, 2008, despite the waiver of appeal contained in the plea agreement. Respondent moved to dismiss the appeal based on this waiver. The motion was granted and Movant's appeal was dismissed.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even

constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no

evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a movant's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of

counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* To maintain a claim for ineffective assistance of counsel, movant must prove that her attorney's performance was deficient and that she suffered prejudice as a result of this deficiency. *Loefer v. U.S.,* 2010 WL 1854198, 1 (8th Cir. May 11, 2010). Because of the problems inherent in hindsight analysis, the Court "'indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Staples*, 410 F.3d 484, 488 (8th Cir.2005). Accordingly, decisions involving strategy are "virtually unchallengeable." *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir.2006). Movant argues that she received ineffective assistance of counsel both during the plea and at sentencing. The Court finds that Movant has failed to satisfy Strickland's

deficient-performance prong and the prejudice prongs as well.

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

Movant states that she believes her "attorney did not represent [sic] [her] to the fullest when explaining [her] plea agreement when offered to [her] and defending [her] on the day of sentencing. [Her] PSR was not fully corrected when [she] informed [her] attorney[,] she did nothing to correct it. Further, Movant claims she received a two level enhancement for being on parole when she was not. Movant' claims are belied by the record in this matter. Throughout the course of Movant's plea and sentencing, this Court specifically asked Movant under oath whether she was fully satisfied with counsel and whether there was anything she wanted counsel to do that counsel did not do. The Court thoroughly enquired of Movant whether she understood the proceedings and the plea agreement. The Court asked whether there was anything at all that she did not understand. The Court provided Movant with several opportunities to articulate any concerns, questions or uncomfortable feelings Movant may have had with respect to the proceedings, the findings contained in the PSR and counsel. Movant's belated claims of misunderstanding or inaccuracies in the PSR are not credible based on everything the Court asked of Movant at the plea hearing and the sentencing hearing.

Moreover, as Respondent specifically details, even assuming counsel should have objected to the two level enhancement, the enhancement did not prejudice Movant in any manner. Movant's criminal history would have remained

unchanged based on her prior convictions.  Likewise, Movant qualified as a career criminal and as such, her criminal history would remain as it was even without the two levels included for being on parole at the time of the offense.

The same analysis applies to Movant's claims that counsel advised her that she would receive a life sentence if she did not plead guilty, and that she should answer the Court's questions even if she did not understand.  Aside from the sheer banal absurdity of Movant's allegations, the record establishes that Movant's claims are completely unsupported.  Combining Movant's sworn testimony with the affidavit of counsel, Movant's belated claims that counsel advised Movant of an ultimatum of a life sentence if she refused to plead guilty and to not question the Court if she misunderstood are not credible.  This conclusion is bolstered further by the Court's advisement to Movant that the sentence imposed is entirely the Court's decision.

## Conclusion

Movant's claims fail to raise meritorious grounds for relief.  Movant's motion will be denied in its entirety.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence, and Movant's Supplemental Motion to Vacate, Set Aside or Correct Sentence, [Doc. No.'s 1 and 9, respectively], are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 14th day of May, 2010.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE